```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**CYNTHIA ZECHENELLY**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 13-403**

**CAROLYN W. COLVIN, ACTING**                       **SECTION "B"(5)**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

<u>**ORDER AND REASONS**</u>

The Court, having reviewed *De Novo* the complaint, the parties' cross motions for summary judgment, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Cynthia Zechenelly's objections thereto, hereby approves and adopts the Magistrate Judge's Report as modified herein. (Rec. Docs. 1, 10, 12, 14, 15, & 18).

Accordingly, **IT IS ORDERED** that:

**(i)** Zechenelly's Objections are **OVERRULED** and the Court **AFFIRMS AND ADOPTS** the Magistrate Judge's Report and Recommendation.

**(ii)** Zechenelly's Motion for Summary Judgement (Rec. Doc. 12) be **DENIED** and the Commissioner's Cross Motion for Summary Judgement (Rec. Doc. 14) be **GRANTED.** And, accordingly,

**(iii)** Zechenelly's petition for review of the final decision of the Commissioner of the Social Security Administration be **DISMISSED WITH PREJUDICE**(Rec. Doc. 1).

1

This case arises out of the Commissioner's denial of Zechenelly's application for Disability Benefits under the Social Security Act. (Rec. Doc. No. 12-1). She seeks benefits for disability due to rheumatoid arthritis ("RA"), cirrhosis, bipolar disorder, anxiety, ADHD, and other conditions. (Rec. Docs. 12-1 at 1-5 & 10-4 at 78). The Commissioner denied her present application for disability benefits on February 10, 2011 (Rec. Doc. 10-2 at 107). Zechenelly then went before an ALJ, with the assistance of counsel, who denied her application on December 22, 2011. *Id.* at 31-42. The Appeals Council subsequently denied her request for review, and she then sought judicial review. (Rec. Docs. 1 & 10-2 at 2-5). Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), Magistrate Judge Chasez heard the matter and recommended granting the Commissioner's Motion for Summary Judgment. (Rec. Doc. 15 at 36). Zechenelly then filed the instant opposition, raising four objections. (Rec. Doc. 18).

In her first two objections to the Magistrate Judge's Report, Zechenelly essentially contends that the ALJ erred because she failed to fully develop the record and address the records of Zechenelly's treating rheumatologist, Dr. Sedrish, and treating interist, Dr. Butt. (Rec. Doc. 18 at 1-4). As the Magistrate noted, an ALJ is not required to specifically discuss all evidence that she considers. *See*, *e.g.*, *Falco v. Shalala*, 27 F.3d 160, 163-164 (5th Cir. 1994)(refusing to adopt the Third

2

Circuit's rule requiring ALJ's to recite all rejected evidence and stating that an ALJ need not "follow formalistic rules" for articulating rejection of complaints of pain). Moreover, an ALJ's failure to develop the record is not grounds for reversal *per se*. Rather, a "claimant must, in addition, show that she was prejudiced as a result of scanty hearing." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). To establish prejudice, a claimant must demonstrate that she "could and would have adduced evidence that might have altered the result." *Id.* Here, as the Magistrate amply explained, the records of both doctors fail to establish that Zechenelly was unable to work during the relevant time period. They show no proscription of activity or otherwise provide grounds for a finding of disability.

Zechenelly's two remaining objections also lack merit. They concern the Magistrate's conclusions concerning testimony of the Vocational Expert ("VE") who testified before the ALJ. (Rec. Doc. 18 at 4-5). These objections are essentially a recitation of the fourth assignment of error in her summary judgment memorandum, wherein Zechenelly argues that the ALJ erred in (i) "formulating an incoherent RFC" that fails to account the severe impairments otherwise found, and (ii) relying on flawed VE testimony. (Rec. Doc. 12-1 at 18-19). Zechenelly essentially argues that the ALJ's determination that she could perform "light work . . . except the claim needs a sit/stand option, allowing the claimant to sit or

stand at will provided she is not off task more than 10% of the work period" is injuriously vague. *Id.* at 19.  She further contends that because this vague statement informed a hypothetical question posed to the testifying VE, and because the ALJ relied on the VE's answer, the ALJ's finding of residual functional capacity was "incoherent." *Id.*

A putatively defective hypothetical question will require reversal where either (i) the question does not reasonably incorporate all disabilities recognized by the ALJ, or (ii) the claimant was not afforded the opportunity to correct any deficiencies in the question. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Here, the ALJ's question reasonably incorporated Zechenelly's impairments and Zechenelly was afforded the opportunity to clarify and correct deficiencies, having crossed the VE and asked her own hypothetical. In other words, Zechenelly's argument fails because the ALJ's statement was not materially vague or misleading and she was nevertheless allowed to clarify any ambiguities at the time of the testimony.

In summary, the ALJ's conclusions are supported by substantial evidence in the record and Zechenelly's objections are without merit. Accordingly, it is **ORDERED** that Zechenelly's Objections are **OVERRULED,** the court **AFFIRMS AND ADOPTS** the Magistrate Judge's Report and Recommendation**,** Zechenelly's Motion for Summary Judgement (Rec. Doc. 12) is **DENIED**, the

Commissioner's Motion for Summary Judgement (Rec. Doc. 14) is **GRANTED,** and Zechenelly's petition is **DISMISSED WITH PREJUDICE**(Rec. Doc. 1).

New Orleans, Louisiana, this 19th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE